UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Shabaka Boyd, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:21-cv-50028 |
| v. ) | |
| ) | Judge John Robert Blakey |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

On January 28, 2020, on Petitioner Shabaka Boyd's agreed motion for relief under the First Step Act, *United States v. Boyd*, No. 3:08-cr-50019-1, [71], this Court entered an amended judgment sentencing Petitioner to a total term of three hundred and twenty-two (322) months. Petitioner now asks this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1]; he also seeks an evidentiary hearing. For the reasons explained below, this Court denies Petitioner's motion [1], denies his request for an evidentiary hearing, and declines to issue a certificate of appealability.

**I.     Petitioner's 28 U.S.C. § 2255 Motion**

    **A.     Legal Standard**

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United

1

States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

Additionally, "a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). When "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. *Id.* (quoting 28 U.S.C. § 2255). If, however, a habeas petitioner "alleges facts that, if proven, would entitle him to relief," the district court "must grant an evidentiary hearing." *Id.* (quoting *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)).

## B.  Factual Background & Procedural History

In the criminal proceedings underlying this case, Petitioner pled guilty on November 13, 2008 to three counts: possession with intent to distrubute a controlled substance in violation of U.S.C. § 841(a)(1) (Count 1); posession of a weapon by a felon in violation of § 18 U.S.C. § 922(g)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). *See United States v. Boyd*, No. 3:08-cr-50019-1, [33]. On February 11, 2009, Judge Kapala (to whom the case was then assigned) sentenced Petitioner to 334 months: 274 months on Count 1 and 120 months on Count 2, to be served concurrently, and

60 months on Count 3 to run consecutive to Counts 1 and 2. *Id.*, [46] at 2. Petitioner appealed, and the Seventh Circuit affirmed his custodial sentence.[1] *Id.*, [68].

On May 23, 2019, Petitioner filed an agreed motion for relief under the First Step Act, *see id.*, [71], and the case was reassigned to this Court, *id.*, [72]. On reassignment, this Court entered an amended judgment on January 28, 2020, sentencing Petitioner to a total term of 322 months, comprised of 262 months as to Count 1 and 120 months as to Count 2, to be served concurrently, and 60 months as to Count 3 to run consecutive to Counts 1 and 2. *Id.*, [79]. Thereafter, Petitioner again sought relief under the First Step Act, *id.*, [81]; he also filed a compassionate release motion, *id.*, [83]. The Court denied both motions. *See id.*, [96], [97].

While Petitioner's First Step Act and compassionate release motions, *id.*, [81], [83], were pending, Petitioner filed a motion on January 16, 2021, asking this Court to vacate, reduce, or set aside his already-reduced sentence, or grant an evidentiary rehearing pursuant to 28 U.S.C. § 2255. *See* [1]. Petitioner alleges that the attorney who handled his re-sentencing provided ineffective assistance because she failed to identify clear instructions for calculating the guidelines in this case, failed to object to the imposition of a consecutive 60-month sentence on Count 3, and failed to advise Petitioner of his right to appeal.

C. **Discussion & Analysis**

Petitioner's ineffective assistance of counsel claims fail at the outset. As the government correctly notes, [19] at 8–9, Petitioner had no right to counsel at the

---

[1] The Court of Appeals did, however, modify Petitioner's sentence to "make clear that participation in the Bureau of Prisons' Inmate Financial Responsibility Program ('IFRP') is voluntary. The district court may not require participation as part of its sentence." *Id.*, [68] at 2.

3

January 2020 resentencing on his First Step Act motion. The Seventh Circuit has instructed that 18 U.S.C. § 3582(c)(2) "is not part of the process of conviction or direct appellate review, and a request for resentencing under that section does not entail the sort of procedure that is appropriate to an initial sentencing"; thus "the Constitution does not entitle a prisoner seeking a lower sentence to the appointment of counsel at public expense." *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (first citing *Dillon v. United States*, 560 U.S. 817 (2010); and then citing *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009)); *see also United States v. Turner*, No. 21 C 129, 2021 WL 2853436, at *6 (N.D. Ill. July 8, 2021) ("a prisoner does not have a statutory right to counsel on a motion based on the First Step Act"). And where there is "no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009); *see also Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005) ("Because the sixth amendment does not guarantee quality (or any) counsel in post-conviction proceedings, the doctrine of ineffective assistance does not apply and lawyers' errors do not support relief.").

Even if Petitioner could assert an ineffective assistance of counsel claim here, his claim would fail on the merits. When a habeas petitioner claims ineffective assistance of counsel in violation of the Sixth Amendment, courts assess counsel's performance using the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Vinyard v. United States*, 804 F.3d 1218, 1224–28 (7th Cir. 2015). To prevail under *Strickland*, a petitioner must show: (1) "that his attorney's performance was deficient"; and (2) "that he was prejudiced as a result." *Vineyard*,

4

804 F.3d. at 1224–25 (applying *Strickland*). Failure to satisfy either prong of the *Strickland* test defeats an ineffectiveness claim. *See Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

Petitioner claims his attorney was ineffective because she failed to object to this Court's purported double counting of the mandatory minimum consecutive penalty required on Count 3, the § 924(c) count. But the Court did not double count the penalty, and thus no one could fault counsel for failing to raise the issue.

In *United States v. Powe*, 394 F. App'x 299, 301 (7th Cir. 2010), a case on which Petitioner relies heavily, the Seventh Circuit explained the process for constructing the sentence, where, as here, a career offender is convicted on multiple counts, one of which is for a violation of § 924(c). The court noted that the Sentencing Guidelines

> require a comparison between two ranges: first, the range that results from adding the mandatory minimum consecutive penalty required for the § 924(c) count to the minimum and maximum sentence that would apply to the remaining counts of conviction; and second, a specified amount from a table in § 4B1.1(c)(3) that sets forth three ranges, depending on whether the defendant qualifies for a reduction based on acceptance of responsibility. See U.S.S.G. § 4B1.1(c)(2); *United States v. Turner*, 604 F.3d 381, 384 (7th Cir.2010). The applicable range is the larger of those two—a number specified as the range with the greatest *minimum*, not the greatest maximum. The district court has discretion to structure the sentence so that the proper number of months will be reached, *see* U.S.S.G. § 5G1.2(e), as long as its final sentence respects Congress's command that the sentence for the § 924(c) violation must be consecutive to the sentence for the other counts of conviction.

*Powe*, 394 F. App'x at 301 (emphasis in original). Here, probation prepared a supplemental report that followed this process to a tee:

> Pursuant to USSG §4Bl.l(b) and (c), because the defendant is a career offender who was convicted for 18 U.S.C. § 924(c) and other offenses, the applicable guideline range shall be the greater of (A) 248 to 295 months (the guideline range that results from adding the mandatory minimum consecutive penalty of 60 months required by 18 U.S.C. § 924(c)(l)(A)(i)

> for Count Three to the minimum and the maximum of the otherwise applicable guideline range of 188 to 235 months determined under USSG §4B1.1(b) for the counts of conviction other than 18 U.S.C. §924(c) count [because the statutory maximum for the controlled substance offense is 40 years, as a career offender, the offense level of 31 shall apply after a three-level reduction for acceptance of responsibility]); and (B) 262 to 327 months (the guideline range determined using the table in subsection (c)(3) because the defendant received a three-level reduction for acceptance of responsibility under USSG §3E1.1). According to Application Note 3(B) of USSG §4B 1.1, the Court shall use the guideline range with the highest minimum term of imprisonment; therefore, the guideline range of 262 to 327 months shall be used to impose the sentence.

See United States v. Boyd, 3:08-cr-50019, [75] at 3 ("Supplemental PSR"). At re-sentencing, this Court acknowledged the information included in the Supplemental PSR, and neither the government nor Petitioner objected to the calculations. *Id.*, [80] at 4. Petitioner's attorney then argued in favor of a reduction in the sentence imposed with respect to Count 1: Judge Kapala had previously sentenced Petitioner to 274 months on this count, and counsel advocated for a custodial sentence of 140 months instead, which, when added to the unchanged custodial sentences imposed on Count 2 (120 months concurrent to Count 1) and Count 3 (60 months to run consecutively), yielded a total custodial sentence of 200 months. *See id.* at 5–7.

After considering counsel's arguments, the Supplemental PSR, and other factors in mitigation and aggravation, the Court granted Petitioner's motion only in part, reducing Petitioner's total sentence from 334 months imprisonment' to 322 months' imprisonment.

In re-sentencing Petitioner, the Court explicitly stated that the "original underlying offense doesn't disappear simply because the guideline changes. The guideline is an important consideration under 3553, but so are the underlying facts"

6

and "the seriousness of the offense and the Defendant's prior criminal activities factors in aggravation and remain so today." *Id.* at 9. As such, Petitioner's prior criminal history of gun violence still played a factor at his resentencing. In mitigation, the Court also considered the entire record, including "the statement that was presented today, which represents, at least in the court's estimate, a genuine remorse and an acceptance of responsibility, which was consistent with his activities upon arrest in this case"; the "materials set forth in the supplemental PSR, including the Defendant's medical needs, his efforts to obtain a GED, all of those things, and the argument of counsel today." *Id.* at 10. And, based upon these considerations and factors, the Court granted Petitioner's motion only in part, and re-sentenced Petitioner to 262 months on Count 1 (down from 274 months initially); but this Court did not modify the prior sentence as to Counts 2 or 3 (nor did Petitioner ask the Court to modify the sentence as to those counts). *Id.* at 9–11.[2]

Without doubt, the modified Count 1 custodial sentence did not reflect the additional § 924(c) penalty, and of course that penalty must, by the terms of the statute itself, be imposed consecutively. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed

---

[2] In announcing the new sentence, this Court clearly fashioned a total sentence reflecting all three counts properly: "As to the terms of imprisonment, the court would reimpose or essentially not modify the prior sentence as to Count 2, which will continue to be 120 months, and the same thing as to Count 3, which will be 60 months consecutive to Counts 1 and 2. As to Count 1, the term of imprisonment of 274 is going to be reduced to a term of imprisonment of 262." *Id.* at 11. The resulting amended judgment and conviction [79] reflected the oral pronouncement and listed a total term of 322 months' imprisonment.

for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").

In short, the Court cannot fault counsel for failing to raise frivolous or non-existent issues, and any claim of ineffective assistance of counsel based upon such failure necessarily falls flat. *See, e.g., Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.") (citing *Strickland*, 466 U.S. at 687).

Moreover, to close out the provisional merits review, even if Petitioner could demonstrate that counsel's performance was somehow deficient, he could not demonstrate prejudice. Indeed, at re-sentencing, this Court specifically considered and rejected any additional reduction (as requested by the defense), expressly imposed a total term of 322 months in prison, and otherwise noted that it "would impose the same sentence, even if the guideline calculation was essentially different." *Id.* at 9. And, other than the reduction in the custodial sentence on Count 1, this Court's re-sentence remained consistent with the custodial sentence imposed by Judge Kapala, which the Seventh Circuit affirmed. *United States v. Boyd*, No. 3:08-cr-50019-1, [68].

Petitioner also alleges that his re-sentencing attorney rendered ineffective service because she failed to advise him of his right to appeal. [1] at 24. But counsel did inform the Petitioner about this Court's amended sentence, as shown in her letter to Petitioner dated January 28, 2020, four days after the hearing. [1-1] at 7. This letter included information about the hearing and the new resulting sentence, and it directed Petitioner to contact counsel with any questions. *Id.* And counsel sent the

8

letter to Petitioner at his place of incarceration; that Petitioner did not allegedly receive the letter in a timely manner is not the fault of counsel. The Court also notes that Petitioner knew how to seek a direct appeal, having sought a direct appeal of his original sentence. *See United States v. Boyd*, 608 F.3d 331 (7th Cir. 2010). Furthermore, to show prejudice, a petitioner must also show that there is "a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." *Lee v. Davis*, 328 F.3d 896 (7th Cir. 2003). As explained above, any challenge concerning the 60-month consecutive custodial sentence on Count 3 would have failed, as evidenced by record and the Seventh Circuit's decision on the direct appeal of Petitioner's original sentence. *United States v. Boyd*, No. 3:08-cr-50019-1, [68].

For all these reasons, the Court denies Petitioner's motion to vacate, reduce, or set aside his reduced sentence (imposed January 28, 2020). Moreover, because the record demonstrates conclusively that Petitioner is not entitled to relief, the Court declines to hold an evidentiary hearing.

## II.  **Certificate of Appealability**

Petitioner does not have the absolute right to appeal the Court's denial of his § 2255 motion; to appeal he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). As discussed, Petitioner's claim is non-cognizable, factually baseless, and without legal merit. Accordingly, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

### III. Conclusion

The Court denies Petitioner's motion to vacate, set aside, or correct his amended sentence pursuant to 28 U.S.C. § 2255, [1]. Additionally, because Petitioner's motion, [1], and the record in this case conclusively show that he is not entitled to relief, the Court declines to hold an evidentiary hearing, and further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

Dated: January 24, 2023      Entered:

John Robert Blakey
United States District Judge